UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUDITH ANN HOLLAND,                    Case No. 24-cv-12296

     Plaintiff,                         Hon. F. Kay Behm
v.                                     United States District Judge

FAMILY DOLLAR STORES OF                Hon. David R. Grand
MICHIGAN, a Foreign Limited            U.S. Magistrate Judge
Liability Company, and FAMILY
DOLLAR STORES OF
MICHIGAN, INC.,

     Defendants.
_____ /

**OPINION AND ORDER ON DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT (ECF No. 4)**

## I.   PROCEDURAL HISTORY

This matter is before the Court on Defendants' Motion for

Summary Judgment (ECF No. 4).  Plaintiff Judith Ann Holland

("Holland") filed this civil action in the Wayne County Circuit Court on

or about July 30, 2024.  ECF No. 1, PageID.2.  Defendants filed their

answer and defenses in Wayne County on August 27, 2024.  ECF No. 1-

7, PageID.41-50.  On September 4, 2024, Defendants Family Dollar

Stores of Michigan, LLC, and Family Dollar Stores of Michigan, Inc.,

("Family Dollar LLC" and "Family Dollar, Inc.," jointly "Family Dollar")

1

filed a notice of removal to this court based on diversity of citizenship. *Id.*

On October 9, 2024, just over a month after removing this case to federal court, and before any discovery has occurred, Defendants filed a motion for summary judgment. A defendant may file a motion for summary judgment at any time, even before discovery begins. *Jefferson v. Chattanooga Pub. Co.*, 375 F.3d 461 (6th Cir. 2004). Typically, a motion is nonetheless premature unless the nonmoving party has had sufficient time to engage in discovery. *See id.* However, "[i]t is up to the party opposing the motion to take advantage of Rule 56[d,] and to state why more discovery is needed." *Id.* (citing *Good v. Ohio Edison Co.*, 149 F.3d 413, 422 (6th Cir. 1998) (holding that a party invoking Rule 56(d) protections must "affirmatively demonstrate . . . how postponement of a ruling on the motion will enable him, by discovery and other means, to rebut the movant's showing of the absence of a genuine issue of fact"); *see also* ECF No. 6 (reminding parties of the need to invoke Rule 56(d) if they felt discovery was necessary). And where a video provides the evidence of what happened and can resolve the motion, in some cases no discovery may be necessary. *See Aldridge*

*v. City of Warren, Mich.*, 682 F. App'x 461, 464 (6th Cir. 2017). The court will therefore fully consider the motion even at this early stage.

Because Defendants are not entitled to summary judgment on any disputes of material fact for the reasons set out below, the court **DENIES** Defendants' motion.

## II.    FACTUAL BACKGROUND

This case arises from a slip and fall incident which occurred at a Family Dollar store located at 19800 Plymouth Road, Detroit, MI 48228, on September 3, 2023. ECF No. 1-2, PageID.13. Holland slipped and fell on a wet floor inside the store near the checkout counter. *Id.* She now sues based on premises liability under Michigan law. ECF No. 1-2, PageID.15; ECF No. 10, PageID.164-65.

Some of the material facts are undisputed. The spill occurred approximately six minutes before Holland's fall, when a customer in line at the store (not Holland) dropped an item, resulting in a spillage. ECF No. 4, PageID.65; ECF No. 10, PageID.164. Defendants have provided the security footage from the store as Exhibit B to their motion, which shows the relevant events. Defendants' Exhibit B, Surveillance Footage, Timestamp 14:12:51-14:19:05 [hereinafter

Surveillance Footage at [timestamp]].[1]  The surveillance footage

confirms that a spill occurred, and that Plaintiff slipped and fell

because of that spill.  *Id.* at 14:13:18, 14:18:53.[2]

## III.  STANDARD OF REVIEW

When a party files a motion for summary judgment, it must be

granted "if the movant shows that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of

law."  Fed. R. Civ. P. 56(a).  "A party asserting that a fact cannot be or is

genuinely disputed must support the assertion by: (A) citing to

particular parts of materials in the record . . .; or (B) showing that the

materials cited do not establish the absence or presence of a genuine

dispute, or that an adverse party cannot produce admissible evidence to

---

[1] There are two timestamps on the video provided, which do not match.  For ease of reference, the court uses the timestamp in the upper left corner of the video. *See* Surveillance Footage (available as a media exhibit to Defendant's motion).

[2] Plaintiff does not dispute Defendants' summary of the events "for purpose of this motion."  ECF No. 10, PageID.164.  Under Rule 56, a court may apply the summary-judgment standard to dispose of a material fact that is not genuinely in dispute.  However, the court "must take care that this determination does not interfere with a party's ability to accept a fact for purposes of the motion only."  Fed. R. Civ. P. 56, advisory committee's notes to 2010 amendment.  Here, Defendants have provided the surveillance footage of the events.  As the court will explain, while the exact customer and spill that caused Holland's fall may be a question of fact, no reasonable jury could find that this is not an accurate summary of the events.

4

support the fact." Fed. R. Civ. P. 56(c)(1).  The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)).  Furthermore, the evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The court's role is limited to determining whether there is a genuine dispute about a material fact, that is, if the evidence in the case "is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.  However, when the record contains "a videotape capturing the events in question," the court may not adopt a "version of the facts for purposes of ruling on a motion for summary judgment" that "blatantly contradict[s]" the asserted version of events such that "no reasonable jury could believe it." *Raimey v. City of Niles, Ohio*, 77 F.4th 441, 447 (6th Cir. 2023) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)).  And the court must "nonetheless 'view any

relevant gaps or uncertainties left by the videos in the light most favorable to the Plaintiff.'" *LaPlante v. City of Battle Creek*, 30 F.4th 572, 578 (6th Cir. 2022) (quoting *Latits v. Phillips*, 878 F.3d 541, 544 (6th Cir. 2017)).

Where the movant establishes the lack of a genuine issue of material fact, the burden of demonstrating the existence of such an issue shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). That is, the party opposing a motion for summary judgment must make an affirmative showing with proper evidence and to do so must "designate specific facts in affidavits, depositions, or other factual material showing 'evidence on which the jury could reasonably find for the plaintiff.'" *Brown v. Scott*, 329 F. Supp. 2d 905, 910 (6th Cir. 2004). In order to fulfill this burden, the non-moving party only needs to demonstrate the minimal standard that a jury could ostensibly find in his favor. *Anderson*, 477 U.S. at 248; *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). However, mere allegations or denials in the non-movant's pleadings will

not satisfy this burden, nor will a mere scintilla of evidence supporting

the non-moving party. *Anderson*, 477 U.S. at 248, 251.

## IV.  ANALYSIS

### A.  *Premises Liability Under Michigan Law*

This case is before the court on the basis of diversity jurisdiction

under 28 U.S.C. § 1332, and Holland's claim is based entirely on state

law.  The task of this court, sitting in diversity, is to apply the same law

as would be applied by the Michigan state courts.  *See Erie R.R. v.*

*Tompkins*, 304 U.S. 64, 78 (1938).  Where a state's highest court has

spoken to an issue, this court is bound by that decision unless it is

convinced that the high court would overrule it if confronted with facts

similar to those before it.  *Bernhardt v. Polygraphic Co. of Am.*, 350 U.S.

198, 205 (1956).  Moreover, where a state appellate court has resolved

an issue to which the high court has not spoken, federal courts should

"treat [those] decisions . . . as authoritative absent a strong showing

that the state's highest court would decide the issue differently."

*Garrett v. Akron-Cleveland Auto Rental, Inc. (In re Akron-Cleveland*

*Auto Rental, Inc.)*, 921 F.2d 659, 662 (6th Cir. 1990).

In a Michigan premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages. *Mouzon v. Achievable Visions*, 308 Mich. App. 415, 418 (2014) (citations omitted).  On a summary judgment motion, a defendant succeeds if they prove that on any of these four elements, there are no remaining issues of material fact and they are entitled to judgment as a matter of law. As further explained below, while several issues of fact remain, the only element argued on this motion is breach (specifically, the issue of whether Defendants could not have breached their duty because they did not have actual or constructive notice of the spill).  Holland's alleged damages are not argued in this motion and remain an issue of material fact.  The same goes for the issue of proximate cause.  *See* ECF No. 4, PageID.66.; ECF No. 10, PageID.165 (in statement of facts and counterstatement of facts, stating that proximate causation is disputed, though neither party disputes that the spill was a but-for cause of her fall).  On the other hand, some issues are determinable even at this

early stage, and the court notes these facts in the interest of efficiency and to properly limit the scope of further proceedings.

    B.    *Duty*

First, duty. A landowner's duty to a visitor depends on whether the visitor is classified as a trespasser, licensee, or invitee. *Stitt v. Holland Abundant Life Fellowship*, 462 Mich 591, 596 (2000). "An invitee is a person who enters the land of another on an invitation that carries with it an implication that the owner has taken reasonable care to prepare the premises and to make them safe." *Hughes v. PMG Bldg., Inc.*, 227 Mich. App. 1, 10 (1997). The parties do not dispute that Holland was an invitee. ECF No. 4, PageID.68; ECF No. 10, PageID.173. The duty owed to invitees is well-established; "a possessor of land owes a duty to exercise reasonable care to protect invitees from dangerous conditions on the land. *Estate of Donna Livings v. Sage's Inv. Grp., LLC*, 507 Mich. 328, 337 (2021) (citing *Riddle v. McLouth Steel Prods. Corp.*, 440 Mich. 85, 90 (1992)). It is also settled in Michigan that "the question whether the defendant owes an actionable legal duty to the plaintiff is one of law which the court decides."

*Kandil-Elsayed v. F & E Oil, Inc.*, 512 Mich. 95, 112 (2023) (quoting citations omitted).

Because the parties agree that Holland was an invitee, the question of law of what duty of care was owed to Holland is already determined.  The only question for the court on this motion is whether a reasonable jury could find that Family Dollar breached its duty to Holland.

C.    Breach

The question of breach — "whether defendants' conduct in the particular case is below the general standard of care" — is generally a question of fact for the jury.  *Rowland v. Independence Village of Oxford, LLC*, 509 Mich. 992, 992 (2022) (quoting *Clark v Dalman*, 379 Mich. 251, 260-261 (1967)).

A premises owner breaches its duty of care when it a) "knows or should know of a dangerous condition on the premises of which the invitee is unaware" and b) "fails to fix the defect, guard against the defect, or warn the invitee of the defect."  *See Lowrey v. LMPS & LMPJ, Inc.*, 500 Mich. 1, 8 (2016) (quoting *Hoffner*, 492 Mich. at 460).  In other words, a plaintiff must first prove that the defendants had actual or

constructive notice of the dangerous condition at issue, and then prove

defendant's failure to mitigate in the fact of that notice.  *Lowrey*, 500

Mich. at 8.  A defendant had constructive notice if "the hazard was of

such a character, or had existed for a sufficient time, that a reasonable

premises possessor would have discovered it."  *Lowrey*, 500 Mich. at 11-

12; *Banks v. Exxon Mobil Corp.*, 477 Mich. 983, 983-84 (2007)

("Constructive notice may arise not only from the passage of time itself,

but also from the type of condition involved, or from a combination of

the two elements.") (citing *Kroll v. Katz*, 374 Mich. 364, 372 (1965).

"Generally, the question of whether a defect has existed a sufficient

length of time and under circumstances that the defendant is deemed to

have notice is a question of fact, and not a question of law."  *Banks*, 477

Mich. at 984 (citing *Kroll*, 374 Mich. at 371).  "Where the possessor is

the one who created the condition, knowledge of the condition is

imputed to the possessor, but where the condition is created by a third

person, there is a factual question regarding whether the possessor

should have reasonably discovered the condition."  *Pugno v. Blue*

*Harvest Farms LLC*, 326 Mich. App. 1, 18 (2018) (citations omitted).

The defendant "does not have to present evidence of routine or

reasonable inspection in order to prove that it did not have notice." *Ramadan v. Home Depot, Inc.*, 504 F. Supp. 3d 695, 708 (E.D. Mich. 2020) (citing *Lowrey*, 500 Mich. at 10).  "Rather, a defendant can show that it is entitled to summary judgment 'by demonstrating that [the] plaintiff failed to present sufficient evidence of notice.'" *Id.* (alteration in original) (quoting *Lowrey*, 500 Mich. at 10).  "[I]n response to a summary disposition motion based on an alleged lack of notice, the burden is on the plaintiff to present evidence of actual or constructive notice."  *Eggerton v. Detroit Hotel Servs., LLC*, No. 360251, 2022 Mich. App. LEXIS 7209, 2022 WL 17874400, at *3 (Mich. Ct. App. Dec. 22, 2022) (citing *Lowrey*, 500 Mich. at 10); *see also Saad v. Menards, Inc.*, No. 22-cv-11833, 2024 U.S. Dist. LEXIS 58540, at *12 (E.D. Mich. Mar. 29, 2024).

> 1) *Whether Defendants could have had constructive notice of the spill*

In full, Defendants argue that they are entitled to summary judgment because they:

> 1) did not violate their duty to maintain the premises as a reasonable prudent person would under the same or similar circumstances,

2) had no actual knowledge or constructive notice
   of the wet floor where the injury occurred, and

3) did not have a reasonable opportunity to
   correct the hazardous condition or to give
   warning of the hazardous condition, and
   therefore cannot be held responsible for any
   failure in this regard.

ECF No. 4, PageID.61.

Although these arguments are facially distinct, the Defendants'

analysis under each of their three claims collapses to the same

reasoning: Defendants did not have constructive notice of the hazard.

Defendants' second point, of course, speaks directly to the notice issue.

But on closer inspection, so too do the first and third claims.  On their

first point, Defendants argue that they "did not breach their duty to

Plaintiff because the evidence shows that Defendant[s] neither knew

nor should have known about the spill in question."  ECF No. 4,

PageID.69.  In other words, the only argument presented on how

Defendants acted reasonably is that Defendants had neither actual nor

constructive notice of the spill because a customer caused the spill and

no employees were aware of it.  *Id.*  On the third issue, Defendants

similarly argue that "[l]iability for slip-and-fall accidents require some

form of notice or knowledge of the hazard, whether actual or

constructive," and "Plaintiff [] has failed to demonstrate that the

Defendants had enough time to become aware of the condition."  ECF

No. 4, PageID.77.  Thus the argument that Defendants "did not have a

reasonable opportunity to correct" the hazard also comes down,

according to Defendants, to whether they had notice of the hazard.

On the issue of notice, some facts are not in dispute.  Most

relevantly, the parties (and the security video) agree that about six

minutes passed between the spill occurred and when Holland fell.  *See*

Surveillance Footage at 14:13:00-14:19:00.  This six-minute timeframe

is the subject of a large proportion of the parties' arguments.

Defendants assert that courts have routinely held that this relatively

short length of time is "insufficient to establish constructive notice."

ECF No. 4, PageID.70 (citing *Lowrey,* 500 Mich. at 10).  Holland argues

that there is no such consensus that six minutes is too short as a matter

of law.  ECF No. 10, PageID.178.  The court agrees with Holland.

It is true, as a general statement, that courts have found that

longer periods tend to create questions of fact suitable for a jury

determination (as compared to periods which are found to be too short

as a matter of law).  *See Clark v. Kmart Corp.*, 465 Mich 416 (2001) (an

hour sufficient length of time to allow jury to conclude there was
constructive notice); *Gooch v. Dollar Tree Stores, Inc.*, No. 23-10887,
2024 U.S. Dist. LEXIS 131741, at *7 (E.D. Mich. July 25, 2024) (same
for half hour).  But the Michigan Supreme Court has also held that
approximately five minutes notice of a broken gas pump was sufficient
time for a jury could conclude that the defendants should have
discovered the danger on their premises.  *See Banks v. Exxon Mobil
Corp.*, 477 Mich. 983, 984 (2007).  "Generally, the question of whether a
defect has existed a sufficient length of time and under circumstances
that the defendant is deemed to have notice is a question of fact, and
not a question of law."  *Id.* (citing *Kroll v. Katz*, 374 Mich. 364, 371
(1965) (citing *Cruz v. City of Saginaw*, 370 Mich. 476, 481 (1963)).  In
*Banks*, a gas pump broke and splashed gas into the plaintiff's face.  The
preceding sale on that pump was for only one cent (because the pump
was broken), and the court held that strange sale, along with an
approximately five-minute delay, could have put the premises owner on
constructive notice that the pump was damaged.  *See Banks v. Exxon
Mobil Corp.*, No. 257902, 2006 Mich. App. LEXIS 701, at *5 (Ct. App.

Mar. 16, 2006), *overruled by Banks v. Exxon Mobil Corp.*, 477 Mich. 983

(2007).[3]

This court did not find any published cases which definitively put

six minutes beyond a jury's purview, and many relevant unpublished

cases tend to put only a "few" moments beyond a jury's decision.  *See*

*Dose v. Equitable Life Assurance Soc'y*, 864 F. Supp. 682, 684 (E.D.

Mich. 1994) (ice cubes melting on the floor was proof a spill had

happened within "a few moments" and was too short a time period to

create question of fact); *Rathbun v. Family Dollar Stores of Mich. LLC*,

No. 2:23-cv-10854, 2024 U.S. Dist. LEXIS 144883, at *11 (E.D. Mich.

Aug. 14, 2024) (minute or two to discover the spill not enough time to

establish constructive notice); *Bragg v. Daimler Chrysler*, No. 290371,

2010 Mich. App. LEXIS 1699, at *16-17 (Ct. App. Sep. 16, 2010) (where

---

[3] The Michigan Supreme Court did not state whether their decision rested on the length of time alone, but did clarify that their decision rested on the issue of constructive notice.  There was some inconsistency in how the length of time was described; the trial court in *Banks* put the time period as "at most, approximately eight minutes" (and found it too little time for sufficient notice), but the court of appeals found that "one-cent sale occurred *less than five minutes* before plaintiff used the pump" (and likewise found too little time).  *See Banks*, No. 257902, 2006 Mich. App. LEXIS 701, at *5, *overruled by Banks*, 477 Mich 983. (emphasis added). The Michigan Supreme Court reversed and found that the issue of constructive notice was a factual question for the jury.  *Banks*, 477 Mich 983.

no proof that it did not develop "a few minutes prior to the fall[,]" no jury question).

Defendants point this court to *Fisher v. K Mart Corp.*, No. 202386, 1998 Mich. App. LEXIS 801 (Ct. App. Nov. 20, 1998), as evidence that fifteen minutes is too short to have constructive notice of a spill. But that panel of the court of appeals held that "[f]ifteen minutes is a substantial period of time" and noted that there was no evidence that the water was on the floor for so long. The court thought it just as likely that the water had been on the floor for "a few minutes," which, as described above, "would not be sufficient to provide notice of the hazardous condition." *Id.* at *4-5. Here, the length of time the condition existed is known, and more than "a few." Similarly, Defendants' reliance on *Valdes v. Menard, Inc.*, No. 344073, 2019 Mich. App. LEXIS 7556 (Ct. App. Nov. 26, 2019) is misplaced. Although Defendants argue that it shows that some amount of time "less than approximately 30 minutes" is insufficient to create a question of fact, that case is better understood to say, like in *Fisher*, that the plaintiff had not met their burden of showing constructive notice when there was

"no evidence regarding when [the] condition arose or how long it had
been present[.]" *Id.* at *8.

Defendants' better support comes from two other cases they cite,
both unpublished opinions of the Michigan Court of Appeals.  In
*Schmitter v. Charter One Fin.*, No. 244933, 2004 Mich. App. LEXIS 649
(Ct. App. Mar. 2, 2004), a bank opened for business at 9:30am, and the
plaintiff finished his banking transaction at 9:40 am after waiting in
line behind a few other customers.  *See id.* at *1, 7.  On his way out the
door, the plaintiff slipped in a puddle of water that was likely created by
someone tracking in snow from outside.  *Id.* at *1.  The court found that
the time the puddle appeared (no more than ten minutes) was not
sufficient time that the bank should have known about the hazard.  In
*Tolen v. Karschnick*, No. 321990, 2015 Mich. App. LEXIS 1969, at *5
(Ct. App. Oct. 22, 2015), the court held in a slip-and-fall that "the fact
that the bucket had been on the floor for only five to seven minutes . . .
is not long enough to impute . . . [constructive] notice."  Both decisions
are nonbinding, though illustrate a trend of some panels of the
Michigan Court of Appeals.  *See Whitmer v. Bd. of State Canvassers*,
337 Mich. App. 396, 408 n.3 (2021), *corrected on other grounds by* 2021

Mich. App. LEXIS 3401 ("MCR 7.215(C)(1) [] provides that unpublished decisions of this Court are not precedentially binding under principles of state decisis. They may, however, be consulted as persuasive authority.").  However, as noted above, in *Banks*, which *is* binding, the Michigan Supreme Court has implicitly put even time periods as low as five minutes within a jury's discretion. *Banks*, 477 Mich. 983.

These mixed results in unpublished cases suggest the common-sense conclusion that six minutes is near the lower limit of what amount of time may conceivably constitute constructive notice in an action involving a spill.  In that grey area, however, the question of notice does not depend only on the time elapsed, but also the "character" and circumstances of the hazard. *Lowrey*, 500 Mich. at 11-12; *Kroll*, 374 Mich. at 371.  How obvious a danger is to a reasonable observer on "casual inspection" changes the calculus of how long it is reasonable to not notice its existence. *Kandil-Elsayed v. F & E Oil, Inc.*, 512 Mich. 95, 153 (2023) ("whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon causal inspection, remains relevant, [as] a question of breach and comparative fault.") (internal quotation marks and citation omitted).

Here, taking into account all the facts of the situation, six minutes is simply not so short a time that this court can confidently take the case out of the jury's hands; reasonable minds could disagree about whether the employees should have known that there had been a spill.

This court has reviewed the video of the incident provided by Defendants.  Even with the video available, it is hard to tell how visible the spill was to an employee working at the counter, how obvious it was to people in line or to the employees, and without sound, it is unclear whether there was any audible indication that should have put an employee on notice of a spill or other unusual event.  For that matter, it is not clear whether any customer told any employee that something had spilled.  In favor of Defendants, the spill was possibly blocked from the Family Dollar employees' vision, was perhaps not immediately obvious, and had been there for only about six minutes.  But on Defendants' motion, all disputable questions of fact should be answered in favor of Holland.  Construing the facts in Holland's favor, there also were multiple employees behind the counter and the spill was mere feet from them.  The security camera's sightline is situated in a way that it is hard to tell what the employees' line of sight includes.  The spill may

have been fairly obvious at a glance had they looked in that direction, even if they did not actually see it in fact. Further, it is not clear exactly which of two possible spills caused Holland's fall. In the video, a customer drops something on the floor, which rolls away (Surveillance Footage at 14:13:03). After that, a line of dark splotches appears on the floor like something visible has spilled, and (further evidencing a spill) those dark splotches line up with the path the item appears to take when rolling away. *See id.* at 14:14:00-14:14:40. That (likely) spill does not appear to have been on the floor before that point, but that fact is not clear from the video because the Exhibit only provides about 20 seconds of footage preceding the spill and several customers block a clear view of that section of the floor. *See id.* at 14:12:51-14:13:11. However, the location of part of that spill appears to be the same spot where Holland slips (14:18:53). Complicating matters, immediately after that first customer drops their item, a customer wearing red[4] drops a different container (14:13:10-14:13:11), and then appears to try and clean something up (14:13:20). The visibility of that second spill, if

---

[4] It is hard to tell who dropped the first container; that may also have been the customer wearing red. *See* Surveillance Footage at 14:13:04.

indeed that was a spill, is unclear.  That possible spill, too, appears to be in the vicinity of where Holland eventually falls.  When Holland does fall, her foot placement is obscured by other customers in line.  *See id.* at 14:18:53.  On the briefings, and from the video, it is not clear which of these possible spills caused Holland's fall.  A reasonable jury could conclude, however, that the spill(s) were obvious to a casual observer and that an employee exercising reasonable care standing feet away behind the checkout counter should have known about the spills, even if they had only been there for six minutes.

   2) *Whether Defendants could have had actual notice of the spill.*

   When this lawsuit was brought, Holland alleged that Defendants had actual notice of the spill.  ECF No. 1-3, PageID.13.  The Defendants recognized this dispute in their statement of material facts on this motion.  ECF No. 4, PageID.62.  However, on this motion, the issue of actual notice has not been properly presented; the only arguments made to the issue is Defendant's conclusory statements that "Plaintiff has presented no evidence that any store employee had actual notice of the spill prior to her fall and had a reasonable time to take action,"  ECF No. 4, PageID.69, and that "no evidence exists in the record from which

we could infer that any of defendants' employees had actual notice of any hazardous condition in the aisle." ECF No. 4, PageID.74. But as Plaintiff has pointed out, the video does not fully support that conclusion; when the first item falls (Surveillance Footage at 14:13:03), the cashier working the main checkout line is looking over in the same direction as the accident. While it may turn out that the employee in fact had no notice of the spill (she turned in that direction a few seconds before the customer actually drops the item), the video does not conclusively resolve that issue. Further, as discussed above, because there is no audio there is also no conclusive evidence that no customers informed any employees about the spill (in the checkout line, several customers who were close to the spill speak with the cashier). *See generally* Surveillance Footage. No discovery has yet occurred in this case, and regardless of what Plaintiff has or has not offered as evidence at the pleading stage, it is Defendants who bear the burden on their motion to prove that they are entitled to summary judgment. Defendants have presented no affidavit, testimony, or other evidence to resolve the ambiguities presented by the video. The court finds that the issue of actual notice remains a question of material fact.

23

*3) Failure to mitigate*

Because Defendants effectively only argue a lack of notice, the court's conclusions above resolve this motion, and no further discussion is strictly necessary.  However, "[t]he purpose of rule 56[(g)] is to 'salvage some results from the judicial effort involved in the detail of a motion for summary judgment . . . and to frame and narrow the triable issues . . . .'" *United States v. Burrows*, File No. 4:88-CV-128, 1991 U.S. Dist. LEXIS 21573, at *14 (W.D. Mich. Oct. 9, 1991) (quoting *Lovejoy Electronics, Inc. v. O'Berto*, 616 F. Supp. 1464, 1473 (D.C. Ill. 1985) (citations omitted)); Fed. R. Civ. P. 56(g) ("If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact — including an item of damages or other relief — that is not genuinely in dispute and treating the fact as established in the case."); *see also Lytle v. Freedom International Carrier*, 519 F.2d 129 (6th Cir. 1975).  When Defendants moved for summary judgment and Plaintiff did not contest that the issues were ripe for adjudication, the parties indicated their willingness for the court to engage in this effort. *See Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272 (W.D. Mich. 1991) ("By moving for summary judgment, defendants invited an examination

of the claim and defense and empowered the court to enter judgment against them, even without a cross-motion by plaintiff.").

The second element of the breach inquiry is whether the defendant "fail[ed] to fix the defect, guard against the defect, or warn the invitee of the defect." *See Lowrey*, 500 Mich. at 8.  Here, no party contests that Family Dollar did not do anything about the spill ahead of time (Defendants, after all, argue that nothing was done because they were not aware of the issue).  *See* ECF No. 4, PageID.69 ("Defendant neither knew nor should have known about the spill in question.").  Because Defendants do not assert any facts that would show that any employee took any action to mitigate the hazard, and the video evidence confirms this, no reasonable jury could find that Family Dollar took any action to mitigate the danger posed by the spill.

However, the factual question is not only whether Family Dollar took any action, but also whether their failure to take action under the circumstances, even if on notice of the spill, was unreasonable.  Liability arising from notice of a dangerous condition only attaches when there is "an *unreasonable* act or omission that breaches a duty owed to a visitor on the land.  In other words, that a reasonable act or omission of a

premises possessor or its employee plays a role in the creation of a

dangerous condition does not make the premises possessor liable for

any injury to an invitee that is causally connected to that reasonable act

or omission." *Hampton v. Waste Mgmt. of Mich., Inc.*, 236 Mich. App.

598, 604 (1999) (emphasis in original); *Kandil-Elsayed*, 512 Mich. at

148 ("a land possessor need only exercise *reasonable* care under the

circumstances") (emphasis in original).  The measure of a defendant's

"reasonableness" thus occurs (partly) in the question of breach.  Put

differently, just because a landowner is on notice of a hazard does not

automatically mean they are responsible for all harms flowing from that

hazard – if a casual observer would have spotted an open and obvious

danger, for example, a landowner might reasonably act in a different

way than they would if the danger would not be obvious to their

customers.  Take a wet entrance floor caused by customers tracking in

rain: a customer may not need to be immediately warned about wet

floors at the entrance of a store when it is "pouring like buckets"

outside, *see Labadie v. Walmart Stores*, No. 325636, 2016 Mich. App.

LEXIS 840, at *1 (Ct. App. Apr. 26, 2016), but may well deserve a

warning about wet floors when it is merely "drizzly" or "misty" outside, *see Bialick v. Megan Mary, Inc.*, 286 Mich. App. 359, 364 (2009).

The "open and obvious nature of a danger — i.e., whether it is 'reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection,' is relevant to the defendant's breach and the plaintiff's comparative fault." *Kandil-Elsayed*, 512 Mich. at 144 (quoting *Hoffner v. Lanctoe*, 492 Mich. 450, 461 (2012)).  The fact-finder may also consider whether, despite the open and obvious nature of a hazard, the land possessor should have nevertheless anticipated harm to the invitee.  *Id.* at 148-49.  "If breach is shown, as well as causation and harm, then the jury should consider the plaintiff's comparative fault and reduce the plaintiff's damages accordingly."  *Id.*

The question of reasonableness in this case remains unanswered. Courts have discussed the question of whether a liquid that collected on a floor was open and obvious on a case-by-case basis, considering, among other things, (1) whether the liquid was in a setting where a reasonable person would have cause to expect it, and (2) whether the liquid had collected in a way that would make it visible to a reasonable

person. *See, e.g.*, *Scott v. Kroger*, No. 290696, 2010 Mich. App. LEXIS 1552, 2010 WL 3184488 (Mich. Ct. App. Aug. 12, 2010) (small, visible puddle of water in front of display case was open and obvious hazard); *Debose-Tillman v. ECS Partnership*, No. 277134, 2008 Mich. App. LEXIS 684, 2008 WL 902113 (Mich. Ct. App. Apr. 3, 2008) (water on floor was open and obvious hazard where plaintiff testified that she "probably" would have seen it had she looked down.); *Salo v. Kroger Co.*, No. 314514, 2014 Mich. App. LEXIS 594, at *7 (Ct. App. Apr. 1, 2014) (whether grease spilled on the floor of a Kroger was visible to a casual observer held to be question of fact); *Ewing-Lofton v. Bloomin' Brands, Inc.*, No. 1:20-CV-1193, 2022 U.S. Dist. LEXIS 96268, at *13-14 (W.D. Mich. Apr. 19, 2022) ("no question [] that an average person would have discovered the puddle if it existed" in the dining room of Outback Steakhouse); *Hardison-Hannah v. Speedway LLC*, No. 15-12915, 2016 U.S. Dist. LEXIS 102170, at *8 (E.D. Mich. Aug. 3, 2016) (finding question of fact where "Speedway has pointed to no evidence indicating that anyone was able to see the wet conditions on the floor by the entrance of the convenience store."). Here, no party has presented the court with any testimony as to whether the spill was obvious to a casual

observer who did not see it happen, nor is that clear from the video provided.  Lacking sufficient facts at this stage to conclusively determine whether the spill was open and obvious to a casual observer, or whether Family Dollar's failure to do anything about it was reasonable under the circumstances, these questions also present genuine disputes of material fact.

## V.    CONCLUSION

To summarize: the court finds that as a customer, Holland was Family Dollar's invitee.  Therefore, Family Dollar had a duty to exercise reasonable care to protect her from dangerous conditions.  Holland fell due to a spill on the floor near the checkout counter.  Family Dollar did not warn her of the spill or otherwise mitigate the risk posed by the spill.  Holland alleges she sustained injuries from her fall.  On the facts presented at this stage, and construing those facts in the light most favorable to Holland, a reasonable jury could find that Family Dollar had actual or constructive notice of the spill on its floor, and that Family Dollar unreasonably failed to do anything about it, placing Defendants in breach of their duty of care.  A reasonable jury could also find that Family Dollar's failure to mitigate the risk posed by the spill

was the proximate cause of Holland's fall.  Therefore, Defendants'

Motion for Summary Judgment is **DENIED** without prejudice.

The court prospectively grants Defendants leave to file a second

motion for summary judgment after the close of discovery, pursuant to

Local Rule 7.1(b)(2).  Pursuant to Federal Rule of Civil Procedure

12(a)(4), Defendant must file an answer to the Complaint within 14

days of entry of this opinion.  *See* 10A Wright & Miller, Federal Practice

and Procedure § 2718 (4th ed.) (supporting the application of Rule 12

deadlines to Rule 56 motions made before discovery).  Discovery shall be

limited to the material questions remaining for trial.

**SO ORDERED**.


Date: December 10, 2024                    s/F. Kay Behm
                                           F. Kay Behm
                                           United States District Judge