UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JUDITH ANN HOLLAND, | Case No. 24-cv-12296 |
| Plaintiff, | Hon. F. Kay Behm |
| v. | United States District Judge |
| FAMILY DOLLAR STORES OF MICHIGAN, a Foreign Limited Liability Company, and FAMILY DOLLAR STORES OF MICHIGAN, INC., | Hon. David R. Grand U.S. Magistrate Judge |
| Defendants. | |
| _____ / | |

**OPINION AND ORDER ON DEFENDANTS' MOTION FOR LEAVE TO FILE NOTICE OF NONPARTY FAULT (ECF No. 23), CONSTRUING PLAINTIFF'S OBJECTIONS AS MOTION TO STRIKE, AND DENYING PLAINTIFF'S MOTION TO STRIKE (ECF No. 20)**

## I.   PROCEDURAL HISTORY

This case arises from a slip and fall incident which occurred at a Family Dollar store located at 19800 Plymouth Road, Detroit, MI 48228, on September 3, 2023.  ECF No. 1-2, PageID.13.  Plaintiff Judith Holland ("Holland") slipped and fell on a wet floor inside the store near the checkout counter.  *Id.*  She now sues based on premises liability

1

under Michigan law.  ECF No. 1-2, PageID.15; ECF No. 10, PageID.164-65.

This matter is before the Court on Defendants' Motion for Leave to File Notice of Nonparty Fault and To Strike Plaintiff's Objection to the Same (ECF No. 23).  Holland filed this civil action in the Wayne County Circuit Court on or about July 30, 2024.  ECF No. 1, PageID.2. On September 4, 2024, Defendants Family Dollar Stores of Michigan, LLC, and Family Dollar Stores of Michigan, Inc., ("Family Dollar LLC" and "Family Dollar, Inc.," jointly "Family Dollar") filed a notice of removal to this court based on diversity of citizenship.  *Id.*

On October 9, 2024, Defendants filed a motion for summary judgment, which this court denied.  After the court's ruling on their motion, Defendants then refiled their answer (previously filed in state court) at the court's request on this docket.  ECF No. 16.  They also filed a "Notice of Non-Party at Fault" (ECF No. 19) pursuant to Mich. Comp. L. § 600.2957 and Mich. Ct. R. 2.112(K)(3), alleging that "The person who caused the spill at issue, the identity of whom is currently unknown, currently a non-party in this action is the sole proximate cause, or at least a contributing cause, of the damages and/or injuries

2

complained of by Plaintiff for the reason that that they caused the spill at issue in this lawsuit." ECF No. 19, PageID.247.

Plaintiff "objected" to that notice (ECF No. 20) and moved this court to "deny" that notice on the basis a) the notice is not relevant to the issue of proximate cause, which Plaintiff appears to argue is the only issue remaining ("the issue is proximate cause") ("Defendant is claiming a proximate cause defense as the contested issue"), b) the notice fails to properly identify the person alleged to be at fault and provides an insufficient basis for their liability, and c) the notice is untimely. ECF No. 20, PageID.251-52; ECF No. 24, PageID.309. Defendants then made the present motion for leave to file their notice (ECF No. 23) and Plaintiffs responded (ECF No. 24).

Consistent with state court practice and Fed. R. Civ. P. 12(f), federal courts have considered and granted motions to strike insufficient notices of nonparty fault made under Rule 2.112(K). *See Brantley v. Walmart, Inc.*, No. 20-cv-10432, 2020 U.S. Dist. LEXIS 185900, at *3 (E.D. Mich. Oct. 7, 2020) (striking deficient notice of nonparty fault); *see Romain v. Frankenmuth Mut. Ins. Co.*, 483 Mich. 18, 22 (2009) (affirming trial court's granting plaintiffs' motion to strike

notice of nonparty at fault for insufficiency). The court thus construes Plaintiff's objections as a motion to strike.

For the reasons below, the court finds that oral argument will not aid the court in its decision pursuant to E.D. Mich. LR 7.1(f)(2), overrules Plaintiff's objections and **DENIES** Plaintiff's motion to strike so construed, and therefore **DENIES** Defendants' motion for leave to file their notice as moot; the notice at ECF No. 19 is effective as filed.

## II.  PLAINTIFF'S OBJECTIONS (CONSTRUED AS MOTION TO STRIKE)

Mich. Ct. R. 2.112(K)(3) sets out how to give notice of a third party's (nonparty's) fault in tort claims:

> (a) A party against whom a claim is asserted may give notice of a claim that a nonparty is wholly or partially at fault. A notice filed by one party identifying a particular nonparty serves as notice by all parties as to that nonparty.
>
> (b) The notice shall designate the nonparty and set forth the nonparty's name and last known address, or the best identification of the nonparty that is possible, together with a brief statement of the basis for believing the nonparty is at fault.
>
> (c) The notice must be filed within 91 days after the party files its first responsive pleading. On motion, the court shall allow a later filing of the notice on a showing that the facts on

4

> which the notice is based were not and could not with reasonable diligence have been known to the moving party earlier, provided that the late filing of the notice does not result in unfair prejudice to the opposing party.

Although a state procedural rule, the rule is a "necessary component of Michigan's statutory scheme of 'fair share liability[,]'" and is applicable in federal court. *Greenwich Ins. Co. v. Hogan*, 351 F. Supp. 2d 736, 739 (W.D. Mich. 2004).

### A. That proximate causation is at issue in this case does not provide a reason to strike Defendants' notice

Plaintiff first argues that "Defendants' Notice of Nonparty Fault is inapplicable" because "Defendants have raised proximate cause as a defense[.]" ECF No. 24, PageID.308. This argument misapprehends the law.

A defense based on proximate cause (i.e. "something else caused the injury") is slightly different, though related, to a defense based on fair share liability ("even if it was my fault, other people were at fault too"). Because a plaintiff must prove proximate cause as an element of their negligence case, the first is a complete defense to liability. *See Veltman v. Detroit Edison Co.*, 261 Mich. App. 685, 694 (2004) (the defense is "elemental" in tort law). It is thus "entirely proper for a

defendant in a negligence case to present evidence and argue that liability for an accident lies elsewhere, even on a nonparty." *Mitchell v. Steward Oldford and Sons, Inc,* 163 Mich. App. 622, 627 (1987). The second is a partial defense; it argues that, assuming that the defendant did proximately cause the injury and could be liable for damages, there were nonparty actors also at fault who should be apportioned their fair share of liability. *See* Mich. Comp. L. § 600.6304(1)(b). Michigan allocates comparative fault under a system of several-only liability. Mich. Comp. L. §§ 600.2957; 600.6304.

    Rule 2.112(K) is the mechanism to make that second defense and apportion fault; it "concerns the procedural implementation of . . . several liability, and the allocation of fault to a nonparty as provided in MCL 600.2957 and MCL 600.6304." *Veltman*, 261 Mich. App. at 695. And because this defense allocates liability among tortfeasors rather than directly attacking an element of the plaintiff's case, it does not prevent a defendant from also arguing that proximate cause is lacking. *Id.* at 695 ("MCR 2.112(K) does not provide plaintiffs a sword to

6

eviscerate a defense on one of the elements comprising plaintiffs' burden of proof.").[1]

The result of Rule 2.112(K) is that plaintiffs either (if defendants do not use the rule) have the benefit of a "shield" protecting them from the allocation of fault to a non-party without notice, or (if defendants make use of the rule) the opportunity to amend the complaint to include those identified non-parties in a timely manner should they wish to do so. *See Greenwich Ins. Co. v. Hogan*, 351 F. Supp. 2d 736, 739 (W.D. Mich. 2004); Mich. Comp. L. § 600.2957 ("Upon motion of a party within 91 days after identification of a nonparty, the court shall grant leave to the moving party to file and serve an amended pleading alleging 1 or more causes of action against that nonparty."). "The purposes of the court rule are to provide notice that liability will be apportioned, provide notice of nonparties subject to allocated liability, and allow an

---

[1] That is why, as Defendants point out, a party could in practice choose to forgo the allocation of fault partial defense available procedurally under Mich. Ct. R. 2.112(K), but still argue that fault lies with a nonparty as a defense to proximate cause. The difference is that if a defendant makes use of the rule, then even if proximate cause is later proven, the defendant can still argue for a division of fault that includes nonparties. If a defendant waives use of the rule, however, then if proximate cause is later proven, the defendant is stuck with division of fault between the parties. *See Veltman*, 261 Mich. App. at 694. That situation is ultimately just an illustration here, because Defendants have invoked their rights under Rule 2.112(K).

amendment to add parties, thereby promoting judicial efficiency by having all liability issues decided in a single proceeding." *Veltman*, 261 Mich. App. at 695.

For these reasons, Plaintiff's first objection is overruled.[2]

### B. Defendants have sufficiently identified the nonparty and the basis for that person's liability

Mich. Ct. R. 2.112(K)(3)(b) requires that a notice "designate the nonparty and set forth the nonparty's name and last known address, *or the best identification of the nonparty that is possible*, together with a *brief* statement of the basis for believing the nonparty is at fault." *Id.* (emphasis added). Defendant is correct that it "does not have to provide a name or address of a party to avoid the striking of its Notice. Defendant is not required to 'use any and all means necessary to obtain the nonparty at fault's identity as soon as possible,' especially at the inception of the case." *Brantley v. Walmart, Inc.*, No. 20-cv-10432, 2020 U.S. Dist. LEXIS 185900, at *3 (E.D. Mich. Oct. 7, 2020) (citing *Sedgwick Ins. v. CDS, Inc.*, 47 F. Supp. 3d 536, 546 (E.D. Mich. 2014),

---

[2] Proximate cause is also not the only remaining issue in the case. *See generally* ECF No. 15.

*aff'd by Sedgwick Ins. v. F.A.B.E. Custom Downstream Sys.*, 47 F. Supp. 3d 536, 2014 U.S. Dist. LEXIS 129773 (E.D. Mich., 2014)).

Nor is Defendants' statement of the basis of alleged fault insufficient. The notice describes the nonparty as "The person who caused the spill at issue[.]" ECF No. 19, PageID.247. The rule only requires a "brief" statement sufficient to put the other party on notice of the nonparty's identity, even if their name and address are not known. In the context of this case, that statement was enough. The security video of the slip-and-fall in this case was described in detail in this court's Opinion and Order at ECF No. 15. It is clear from the video that another customer spilled something on the floor of Family Dollar, and Holland slipped on that spill. The basis for Defendants' notice and the nonparty they sought to identify is sufficiently clear. *Compare* ECF Nos. 19, 15 (identifying a customer who spilled something), *with Brantley*, 2020 U.S. Dist. LEXIS 185900 at *5 (striking notice of nonparty fault in case involving a fall inside a Walmart store for lack of specificity as to nonparties).

Plaintiff also appears to briefly argue that further identification is necessary so that Plaintiff may join them as a party. *See* ECF No. 20,

9

PageID.252. But joinder is not required; "[i]f a nonparty is not joined in an action for whatever reason, the trier of fact may nonetheless determine that person's percentage of fault." *Rinke v. Potrzebowski*, 254 Mich. App. 411, 416 (2002) ("[T]he inability to identify the nonparty . . . does not preclude a finding that the unidentified nonparty contributed to the damages."). The comparative fault statutes allow the trier of fact to allocate fault to a nonparty "regardless of whether the person was or could have been named as a party to the action." Mich. Comp. L. §§ 600.2957(1); 600.6304(1)(b). For these reasons, the court finds that the notice was sufficiently detailed and Plaintiff's second "objection" to the notice is overruled.

With that said, the court notes that providing notice under Mich. Ct. R. 2.112(K) is just a procedural first step towards allocation of fault. If the nonparty allegedly at fault did not "[owe] a duty to the injured party, the 'negligent' actor could not have proximately caused the injury and could not be at 'fault' for purposes of the comparative fault statutes." *Romain v. Frankenmuth Mut. Ins. Co.*, 483 Mich. 18, 22 (2009) (affirming trial court's granting plaintiffs' motion to strike notice of nonparty at fault because the nonparty did not owe a duty to the

10

injured party and was not a proximate cause of the damage sustained by the injured party). Because Plaintiff does not address that issue, the court will not here.

### C. The notice was timely

In two insubstantial arguments, Plaintiff also claims that she does not "waive objection to late filing" and "has not waived the timeliness issue," so the court will briefly address that point. *See* Plaintiff's Response, ECF No. 24, PageID.309. Because the court requested that Defendants file their answer on the federal court docket, *see* ECF No. 15, Defendants had 91 days from the day they (re)filed their answer to file a notice of nonparty fault. Mich. Ct. R. 2.112(K)(3)(c). Defendants filed their notice on the same day they filed their answer, *see* ECF Nos. 16, 19, so the timeliness of the notice is not at issue.

## V. CONCLUSION

Plaintiff's objections (ECF No. 20) to Defendant's notice are overruled, and their objections, construed as a motion to strike, are **DENIED** without prejudice. Defendant's motion for leave to file (ECF No. 23) is therefore **DENIED** as moot because the court finds that their notice was timely and effective as filed. Because plaintiffs generally

11

may move to strike a notice of nonparty fault, and because this court construes Plaintiff's objections as a motion to strike, Defendant's motion to strike Plaintiff's objections is **DENIED**. Plaintiff may, but is not required to, join the nonparty alleged to be at fault once/if identified.

**SO ORDERED**.

Date: February 3, 2025                     s/F. Kay Behm
                                           F. Kay Behm
                                           United States District Judge